DENNIS, Circuit Judge,
dissenting:
I dissent for the reasons assigned by the district judge. In my opinion, the district court’s order of June 29, 2004 convincingly addresses and refutes the arguments set forth in the panel majority opinion. Because time is of the essence I will not *420 belabor those points, but I reserve the right to file additional reasons later.
In this case, there is a convergence of: (1) Texas’s disturbing refusal to disclose any reliable information regarding the unpublished non-statutory lethal injection protocol it proposes to use in this case or to reveal whether it has any alternative protocol which it would not be prevented from using by Harris’s § 1983 claim; (2) a recent significant increase in medical evidence that using ultra-short acting barbiturates such as sodium thiopental in conjunction with a neuromuscular blocking agent such as pancuronium bromide is an inhumane method of killing a living being; and, (3) the May 24, 2004 Supreme Court decision in Nelson v. Campbell, - U.S. -, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004), which, for the first time, permits an inmate to bring a § 1983 challenge to an aspect or adjunct of a state’s lethal injection execution procedure if the § 1983 action does not necessarily prevent the state from carrying out the execution. Also, the Court in Nelson did not address, but left open the broader question of how to treat method-of-exeeution claims generally.
Because of this convergence, and the reasons assigned by the district court, it appears to me that the district court did not abuse its discretion in granting Harris’s request for a temporary restraining order. I would deny the state’s motion to vacate the temporary restraining order and uphold the district court’s order.